IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KENNETH J. WAITE and** ) | |
| **ETHEL B. WAITE,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 09-00295-KD-C** |
| ) | |
| **LVNV FUNDING, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court *sua sponte*. This action was initially filed on April 28, 2009, in the Circuit Court of Perry County, Alabama (CV 2009-15). On May 29, 2009 Defendants filed a Notice of Removal in this Court. (Doc. 1). The Notice of Removal alleges that federal subject matter jurisdiction exists pursuant to diversity jurisdiction as well as pursuant to federal question jurisdiction.

In this case, while federal question jurisdiction appears to exist, regardless, the diversity of citizenship as to the Plaintiffs and Defendants is not apparent on the face of the Notice of Removal. (Doc. 1). Specifically, the Notice of Removal alleges that Defendant LVNV Funding, LLC, is a Delaware limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Nevada. (Id. at 3). No further information has been provided. Moreover, the Corporate Disclosure Statement (Doc. 4) filed by Defendant LVNV Funding, LLC, states simply that it has a parent company, Sherman Originator, LLC, but again provides no further information.

For purposes of assessing diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens, MHP, L.P. v. Comcast

SCH Holdings, L.L.C., 374 F.3d 1020, 1022-1023 (11th Cir. 2004); Business Asia Consultants, Inc. v. Thermasolutions, LLC, Slip Copy, 2008 WL 1766888, *1-2 (S.D. Fla. Apr. 14, 2008); Whiddon Farms, Inc. v. Delta and Pine Land Co., 103 F. Supp. 2d 1310, 1311-1313 (S.D. Ala. 2000).[1] Defendant LVNV and Sherman Originator are limited liability companies. Defendants have not addressed the membership of Defendant LVNV other than asserting that it is a Delaware limited liability company with its principal place of business in Nevada. Additionally, Defendant LVNV has, as its parent company, yet another LLC - Sherman Originator, LLC, but the same information is absent with regard to the membership of this LLC. In brief, in the Notice of Removal, LVNV does not identify its members or allege their citizenship. That information is necessary for the undersigned to determine whether diversity jurisdiction exists, as well as to determine whether there is any reason to believe that there are potential conflicts of interest which would require disqualification or recusal.

Accordingly, Defendant LVNV is **ORDERED** to file a Notice of LLC Membership on or before **June 15, 2009**, identifying the members of both LVNV Funding, LLC and Sherman Originator, LLC, along with their respective citizenship and to properly allege diversity jurisdiction.

**DONE** and **ORDERED** this the **9th** day of **June 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] "[T]he removing party bears the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287, n. 4 (11th Cir. 1998) (citing Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir.1998)). "To sufficiently allege the citizenships of these unincorporated business entities, a *party must list the citizenships of all the members of the limited liability compan[ies] and all the partners of the limited partnership*." Rolling Greens, 374 F.3d at 1022 (emphasis added).